**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                               :    CHAPTER 13
                                                     :
GREGORY EMMONS                                       :

                              Debtor  :  BANKRUPTCY NO. 18-14844

## DEBTOR'S RESPONSE TO TRUSTEE'S AMENDED MOTION TO DISMISS THE CHAPTER 13 FILING

NOW comes Gregory Emmons, the Debtor, who sets forth the following in Response to the Amended Motion to Dismiss filed by the Standing Trustee as stated:

1. The Amended Motion to Dismiss sets forth no history nor support of the reasons stated in the Motion for Dismissal.
2. The Trustee does not provide the Court with any supporting cause for the Amended Motion to Dismiss, such as stating that the Debtor has resolved all issues set forth in the Initial Objection/Motion filed by the Standing Trustee on October 24, 2018.
3. The Trustee has amended their Motion for Dismissal without declaration as to the resolution of the Initial Objection/Motion.
4. It is unclear to the Debtor as to what issues are in need of resolution to resolve the Trustee's objections, only those objections under the Amended Motion or also those under the Initial Objection/Motion.
5. The Debtor has resolved all seven (7) issues under the Initial Objection/Motion from the Trustee.
6. The Debtor has complied with all filing requirements diligently despite being unable to access the Office of the Trustee due to being a "Pro Se Debtor".
7. The Trustee's Office is equally involved in any Delay as the Debtor as the Office treats a "Pro Se Debtor" differently than if the Debtor had an attorney; such as avoiding any discussions towards resolution of the issues so the Pro Se Debtor can proceed such as a Debtor's attorney would have provided.
8. A defensive tactic used by the Trustee in assisting a Pro Se Debtor is that "we are unable to give legal advice", and/or, "you should have an attorney".
9. The Debtor denies the specific allegations that:
   - <u>There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307 (C) (1).</u>

   **Response:** No prejudice to creditors has been alleged or not resolved by Debtor to Trustee's prior Objections. Debtor has insufficient notice from Trustee as to the prejudice alleged. Debtor has not been contacted by any Creditor alleging that they have been prejudiced during the Debtor's Chapter 13 proceeding.

FILED
JUN - 4 2019
TIMOTHY McGRATH, CLERK
BY _____ DEP. CLERK

- <u>There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307 (C) (1). by failing to propose an adequately funded plan, that the total filed proofs of claim which are paid through the plan exceed the value of the plan.</u>

**Response:** All proposed plans were intended to be adequately funded primarily based upon resolution of the Secured Creditors through the sale of the primary asset. The Debtor proceeded with Court approvals necessary for the listing and sale of the primary asset, 1 Settlers Drive, Doylestown, PA. 18901.

The Trustee does not provide to the Debtor or the Court within this Motion any details supporting the allegations; such as total amounts considered as assets, debts, costs and expenses. The Debtor is unable to provide a further response due to the lack of factual/financial information from the office of the Standing Trustee.

The Debtor desires to amend the plan to satisfy all objections of the Trustee once understood.

- <u>Debtor(s) has/have failed to commence or continue making timely payments to the trustee as required by 11 U.S.C. Section 1326</u>

**Response:** The Standing Trustee provides no supporting accountings for the payments due and those made by the Debtor. The Debtor, acting Pro Se, is restricted from information otherwise available to Debtors with legal counsel under the court access system directly or through Pacer.

The Debtor will comply with all payment requirements. The Trustee's Office is requested to provide an invoice showing payments due, paid and not paid.

10. The Debtor desires to satisfy his Creditors and all efforts and filings are directed with that intent. The Debtor will not be able to satisfy his Creditors if this Chapter 13 filing is Dismissed under request of the Standing Trustee.

WHEREFORE: the Debtor respectfully requests that the Court DENY the Motion for Dismissal filed by the Standing Trustee.

GREGORY EMMONS

*/s/ Gregory Emmons*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                : CHAPTER 13
                                      :
GREGORY EMMONS                        :
                           Debtor     : BANKRUPTCY NO. 18-14844

## CERTIFICATE OF MAILING

NOW comes Gregory Emmons, the Debtor, who certifies that on June 4, 2019 I mailed to the Movant a copy of the Debtor's Response.

GREGORY EMMONS

*/s/ Gregory Emmons*